GARDEN, JUDGE:
Although this claim was originally filed on behalf of “Hott and Miller, General Contractors”, it developed at the hearing that this entity was actually a partnership consisting of Brown Hott and Harold Miller. In the spirit of liberality, we permitted an amendment to reflect the name of the claimant as being “Brown Hott and Harold Miller d/b/a Hott and Miller, a partnership.”
1971 the Department of Highways had undertaken certain road construction in Oak Flats in Pendleton County and as a result of this construction, it became necessary to relocate a community water line. The claimant was an unsuccessful bidder on the road construction but was later requested by a representative of the Department of Highways to submit a bid for the relocation of the community water line. The claimant submitted a bid of $4,275.00 which was approved by the Department of Highways on April 19, 1971, Claimant’s Exhibit No. 1. The work was performed by claimant in May and June of 1971, and the same was approved by the Department of Highways on July 13, 1971, Claimant’s Exhibit No. 2.
Claimant was not paid its bid price of $4,275.00 until July 24, 1973, and no explanation for the delay was given. No formal contract was entered into between claimant and the Department of Highways, and while the record does not so disclose, we assume that an agreement was entered into between the Department of Highways and the owners of the community water line to the end that the Department of Highways would defray this expense in conjunction with the road project. This assumption is based on the fact that when the state warrant in payment of the $4,275.00 was finally issued on July 17, 1973, it was made payable to the individual owners of the water line who, in turn, endorsed the same *4 and delivered the same to the claimant on July 24, 1973, Respondent’s Exhibit No. 1. Claimant is requesting an award of interest on the sum of $4,275.00 for a period of 150 days after July 13,1971, (the date the work was approved) to July 24,1973, the date of ultimate payment, in accordance with, Code 14-3-1.
The Legislature in creating this Court set forth our general powers in Code 14-2-12 but, in addition, explicitly limited our right to award interest on claims which we allowed by providing in the above-mentioned section as follows:
“.In determining the amount of a claim, interest shall not be allowed unless the claim is based upon a contract which specifically provides for the payment of interest.”
Had the respondent not paid the $4,275.00 and had this claim sought an award of that amount, we could make an award for the principal amount but could not allow interest because of the lack of any contract specifically providing for the payment of interest. Lacking jurisdiction to award interest, we must as a result deny this claim.
No award.